UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-505-MOC
(3:12-cr-380-MOC-1)

| | | |
|---|---|---|
| **CRISPIN GRIMALDO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Crispin Grimaldo's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1). Also before the Court is the Government's Motion to Dismiss the Motion to Vacate. (Doc. No. 4.)

## I. BACKGROUND

Grimaldo was indicted on December 11, 2012, and charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a); two counts of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D); and two counts of using a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Mot. to Cont., Doc. No. 33.[1] On June 26, 2013, Grimaldo entered into a plea agreement with the Government, agreeing to plead guilty to the drug-trafficking conspiracy offense, one count of dealing in firearms and a license, and one count of using a firearm during and in relation to a drug-trafficking offense. Plea Agreement, Doc. No. 37. The parties agreed that Grimaldo was responsible for at least 100 grams but less than 200 grams of cocaine and between 3 and 7 firearms.

---

[1] Unless otherwise indicated, all document and docket references are from the underlying criminal action, United States v. Grimaldo, 3:12-cr-380-MOC-1 (W.D.N.C.).

1

Id. at ¶ 7(c) and (d). Grimaldo agreed to waive his right to challenge his conviction or sentence in a 28 U.S.C. § 2255 motion, except on the bases of ineffective assistance of counsel and prosecutorial misconduct. Id. at ¶¶ 18, 19.

On July 2, 2013, this Court, Magistrate Judge David S. Cayer presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11. Entry and Acceptance of Guilty Plea, Doc. No. 38. During the colloquy, Petitioner affirmed that he understood the charges to which he was pleading guilty and the maximum penalties he faced. Id. at ¶¶ 8 9. Petitioner also affirmed he was, in fact, guilty of the offenses to which he was pleading guilty, id. at ¶ 23, and he understood that if his sentence was more severe than he expected, he would still be bound by his plea and have no right to withdraw it, id. at ¶ 16. Additionally, Petitioner affirmed that he understood that his right to challenge his conviction and/or sentence in a post-conviction proceeding had been "expressly waived" in his plea agreement. Id. at ¶ 27. At the conclusion of the hearing, the Court accepted Petitioner's guilty plea as knowingly and voluntarily entered. Id. at 4.

In Grimaldo's presentence report ("PSR"), the probation officer calculated a total offense level of 17 based on the characteristics of Grimaldo's offense and his acceptance of responsibility. PSR ¶¶ 48, 55, 56, 57, Doc. No. 48. This offense level did not include any increase based on a prior conviction of a crime of violence. See id. at ¶ 48. Based on a total offense level of 17 and a criminal-history category of II, the probation officer calculated an advisory Sentencing Guidelines range of imprisonment of between 27 and 33 months for the drug-trafficking-conspiracy and selling-firearms-without-a-license offenses. Id. at ¶ 83. Grimaldo faced a mandatory consecutive sentence of 60 months in prison for the § 924(c) firearm offense. Id. at ¶¶ 81, 82.

Grimaldo did not object to the PSR. Id. at 18. The Court adopted the PSR and sentenced Grimaldo to a low-end term of 27 months in prison for the drug-trafficking-conspiracy and selling-firearms-without-a-license offenses and a consecutive 60-month term of imprisonment for the §

2

924(c) firearm offense, for a total of 87 months in prison. Judgment, Doc. 52.

Grimaldo did not file a direct appeal. On or about June 21, 2016, he filed the instant Motion to Vacate, asserting that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. to Vacate, Civ. Case No. 3:16-cv-505-MOC, Doc. No. 1.) The Government filed a Motion to Dismiss, arguing that Grimaldo explicitly waived his right to challenge his sentence in a § 2255 post-conviction proceeding except on the grounds of ineffective assistance of counsel and prosecutorial misconduct and that this action does not allege either ground. The Government also argues that Grimaldo's Johnson claim is procedurally defaulted because he failed to raise the substance of the claim at sentencing or in a direct appeal. Finally, the Government contends that Grimaldo cannot state a claim under Johnson. (3:16-cv-505-MOC, Doc. No. 4.)

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Grimaldo that he had a right to respond to the Government's Motion and warned that failure to do so could result in dismissal of his Motion to Vacate without further notice. (3:16-cv-505-MOC, Doc. No. 5.) Grimaldo responded by letter. (3:16-cv-505-MOC, Doc. No. 6.)

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court agrees that Grimaldo's Motion to Vacate fails to state a claim for relief under Johnson. For the sake of judicial economy, the Court, therefore, will not also address the waiver

and procedural default defenses raised by the Government.

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. The Court has made the holding in Johnson retroactive on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563.

Grimaldo was not convicted of being a felon in possession of a firearm. Thus, his sentence was not enhanced under the ACCA. Grimaldo's sentence was enhanced because he was convicted of using a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

To sustain a conviction under § 924(c), the government must prove that the defendant (1) discharged or brandished a firearm and (2) did so during and in furtherance of a crime of violence or drug trafficking crime. § 924(c)(1)(A). Although § 924(c), like the ACCA, has both a "force" and a "residual" clause, they apply only when a defendant is convicted of using a firearm in

4

furtherance of a "crime of violence." See § 924(c)(3). Neither applies when a defendant, like Grimaldo, is convicted of using a firearm in furtherance of a "drug trafficking crime," see § 924(c)(2). Accordingly, to the extent Johnson applies to the residual clause of § 924(c), and is retroactive on collateral review with respect to convictions under that statute, Grimaldo's § 924(c) conviction and sentence are unaffected.

Grimaldo has failed to set forth any grounds upon which relief may be granted. As such, his § 2255 Motion must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**;

2. The Government's Motion to Dismiss (Doc. No. 4) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 17, 2017

Max O. Cogburn Jr.
United States District Judge